UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO.  18-cv-03123** |
| **vs.** | * | **SECT.** |
| **RIVERSIDE CITRUS FARMS and KONRAD BECNEL** | * | **JUDGE** |
| | * | **MAG.** |

<u>**COMPLAINT**</u>

**NOW INTO COURT**, through the undersigned Assistant United States Attorney, comes plaintiff, the United States of America, and respectfully submits its Complaint against defendants, Riverside Citrus Farms and Konrad Becnel, and hereby alleges the following:

**Parties, Jurisdiction, and Venue**

1.

Plaintiff is the United States of America on behalf of the Farm Service Agency, an agency within the United States Department of Agriculture.

2.

Made defendant is Riverside Citrus Farms, Inc., a Louisiana corporation domiciled at 14116 Highway 23, Belle Chasse, LA 70037 in the Parish of Plaquemines.

3.

Also made defendant is Konrad Becnel, who is also domiciled at 14116 Highway 23, Belle Chasse, LA 70037 in the Parish of Plaquemines.

4.

The present complaint seeks foreclosure on property located in Plaquemines Parish, Louisiana.

5.

Jurisdiction is proper under 28 U.S.C. § 1345 and 7 U.S.C. §§ 1921, *et seq*.

6.

Venue is proper in this judicial district under 28 U.S.C. § 1391(b) since the defendants are both domiciled in this judicial district and the property targeted for foreclosure is located in this judicial district.

**Facts**

7.

In order to receive loan assistance from the United States, Riverside Citrus Farms, Inc. and Konrad H. Becnel as an individual (collectively "defendants"), executed and delivered to the Farm Service Agency certain Promissory Notes representing loans of federal funds made on August 15, 2006. The Promissory Notes are particularly described as follows:

| Loan Type | Date of Note | Principal Amount | Interest Rate | Terms |
|-----------|--------------|------------------|---------------|-------|
| EM (43-08) | Aug. 15, 2006 | $457,060.00 | 3.75 % | 21 annual installments |
| OL (44-09) | Aug. 15, 2006 | $200,000.00 | 5.375% | Eight annual installments |

Copies of each Note are attached hereto and incorporated herein as Exhibit "A". The United States is owner and holder of these Notes.

8.

The Notes provided that defendants' failure to pay any debt when due shall constitute a default and, upon such a default, the United States at its option may declare all or any such part of the indebtedness immediately due and payable.

9.

Concurrent with the execution of the Notes and for the purpose of securing payment of the indebtedness evidenced by them, defendants executed and delivered to the United States a Mortgage, which is particularly described as follows:

| Date of Mortgage | Date of Entry | Filing Information |
|---|---|---|
| September 8, 2006 | September 15, 2006 | Filed in the Clerk of Court's Office, Plaquemines Parish, Belle Chasse, LA at MOB 458 Page 636 |

The mortgaged property is described as:

A CERTAIN LOT OR PARCEL OF LAND, situated, lying and being in the Parish of Plaquemines, State of Louisiana, in Section 4, Township 16 South, Range 24 East, West of the Mississippi River at about twenty-nine (29) miles below the City of New Orleans and in accordance with a survey of Hugh B. McCurdy, C.E., dated December 13, 1961, entitled ""Map of Survey, Property of Arthur Becnel, Sr. and Sons, Part of Star Plantation," a copy of which is annexed to an act of Sale by Arthur Becnel, Sr. to Benjamin Xavier Becnel, executed before Emile E. Martin, III, Notary Public, on November 9, 1965 and registered in COB 293, folio 241, said property is described as follows: Said tract of land fronts on the center line of Louisiana State Highway No. 23 and extends in depth to the 40 Arpent Line with a width of 183 .17 feet between equal and parallel lines. Being bounded above by property now or formerly belonging to Saxon R. Becnel, and below by property now or formerly belonging to Adam Parker.

AND

A CERTAIN TRACT OF PORTION OF LAND, being part of what was formerly known as The Star Plantation, situated on the West bank of the Mississippi River in the Parish of Plaquemines, State of Louisiana, about 29 miles below the City of New Orleans, and measuring 128 feet front, more or less, on said Mississippi River, by 40 arpents in depth, between equal and parallel lines, which property is bounded by land formerly belonging to Arthur Becnel, Sr., now Carol J. Becnel, and below

by lands allocated, conveyed and transferred in the Act of Partition by Emile E. Martin, III, Notary Public, dated November 16, 1960, registered in COB 234, Folio 254, to Adam Parker, as more fully shown on sketch annexed to said Partition,

LESS AND EXCEPT:

1. That certain portion of the said property that was transferred by Carol J. Becnel to Robert Ray Becnel on April 2, 1965, by act before Emile E. Martin, III, Notary Public, registered in COB 286, Folio 436, and more fully described as the Southern Portion of the above described property between the Mississippi River and the center line of the Louisiana State Highway Number 23, measuring 64 feet front, more or less, on the Mississippi River, with a depth between equal and parallel lines; Act of Correction before Emile E. Martin, III, Notary Public, dated January 24, 1967, registered in COB 323, folio 817.

2. That certain portion of the said property that was transferred by Carol J. Becnel to Saxon Richard Becnel on April 2, 1966, by act before Emile E. Martin, III, Notary Public, registered in COB 286, folio 433, and more fully described as the Northern Portion of the above described property between the Mississippi River and the center line of the Louisiana State Highway Number 23, measuring 64 feet front, more or less, on the Mississippi River, with a depth between equal and parallel lines; Act of Correction before Emile E. Martin, III, Notary Public, dated January 24, 1967, registered in COB 323, Folio 819.

Being the same property acquired by Riverside Citrus Farms, Inc. from Carol J. Becnel by act before C. Ellis Henican, Notary Public, dated August 21, 1968, registered in COB 328, Folio 29: and Act of Correction before Charles A. Arceneaux, Notary Public, dated October 11, 1968, registered in COB 340, Folio 255.

10.

By execution of the Mortgage, defendants conveyed a lien on the real property described therein and *supra* ¶ 9, situated in Plaquemines Parish, Louisiana. The lien of the United States is superior, prior, and paramount to any and all claims. A copy of the described Mortgage that is owned and held by the United States is attached hereto and incorporated herein as Exhibit "B".

11.

The Mortgage provided that should defendants default in the performance or discharge of any obligation, the United States may, *inter alia*, declare the entire amount unpaid under the Note due and payable and foreclose the Mortgage and sell the property as prescribed by law.

12.

Defendants have violated the covenants of the Promissory Notes and Mortgage. By reason of such default, on or about December 29, 2008, the United States decided to exercise its right of acceleration and declare the entire unpaid balance, including principal and interest, immediately due and payable. Despite repeated demands, defendants failed to pay the balance due. All conditions precedent have been performed and amicable demand has been made, but without avail. A copy of the Notice of Acceleration describing, in detail, defendants' default is attached hereto and incorporated herein as Exhibit "C".

13.

As of July 31, 2017, after allowing all credits thereon, defendants are indebted to the United States in the total amount of $833,381.23. This sum includes $641,746.19 in unpaid principal, plus accrued interest in the amount of $191,635.04 (as of July 31, 2017), with interest accruing thereafter at the rate of $74.8437 per day.  A copy of the Statement of Account is attached hereto and incorporated herein as Exhibit "D".

**Judgment, Foreclosure, and Judicial Sale**

14.

The United States seeks an *in rem* judgment on the Promissory Note and Mortgage and further seeks to exercise its foreclosure, seizure, and sale rights under the Mortgage against defendants through the seizure and public judicial sale of the following mortgaged property:

A CERTAIN LOT OR PARCEL OF LAND, situated, lying and being in the Parish of Plaquemines, State of Louisiana, in Section 4, Township 16 South, Range 24 East, West of the Mississippi River at about twenty-nine (29) miles below the City of New Orleans and in accordance with a survey of Hugh B. McCurdy, C.E., dated December 13, 1961, entitled ""Map of Survey, Property of Arthur Becnel, Sr. and Sons, Part of Star Plantation," a copy of which is annexed to an act of Sale by Arthur Becnel, Sr. to Benjamin Xavier Becnel, executed before Emile E. Martin, III, Notary Public, on November 9, 1965 and registered in COB 293, folio 241, said property is described as follows: Said tract of land fronts on the center line of Louisiana State Highway No. 23 and extends in depth to the 40 Arpent Line with a width of 183 .17 feet between equal and parallel lines. Being bounded above by property now or formerly belonging to Saxon R. Becnel, and below by property now or formerly belonging to Adam Parker.

AND

A CERTAIN TRACT OF PORTION OF LAND, being part of what was formerly known as The Star Plantation, situated on the West bank of the Mississippi River in the Parish of Plaquemines, State of Louisiana, about 29 miles below the City of New Orleans, and measuring 128 feet front, more or less, on said Mississippi River, by 40 arpents in depth, between equal and parallel lines, which property is bounded by land formerly belonging to Arthur Becnel, Sr., now Carol J. Becnel, and below by lands allocated, conveyed and transferred in the Act of Partition by Emile E. Martin, III, Notary Public, dated November 16, 1960, registered in COB 234, Folio 254, to Adam Parker, as more fully shown on sketch annexed to said Partition,

LESS AND EXCEPT:

1. That certain portion of the said property that was transferred by Carol J. Becnel to Robert Ray Becnel on April 2, 1965, by act before Emile E. Martin, III, Notary Public, registered in COB 286, Folio 436, and more fully described as the Southern Portion of the above described property between the Mississippi River and the center line of the Louisiana State Highway Number 23, measuring 64 feet front, more or less, on the Mississippi River, with a depth between equal and parallel lines; Act of Correction before Emile E. Martin, III, Notary Public, dated January 24, 1967, registered in COB 323, folio 817.

2. That certain portion of the said property that was transferred by Carol J. Becnel to Saxon Richard Becnel on April 2, 1966, by act before Emile E. Martin, III, Notary Public, registered in COB 286, folio 433, and more fully described as the Northern Portion of the above described property between the Mississippi River and the center line of the Louisiana State Highway Number 23, measuring 64 feet front, more or less, on the Mississippi River, with a depth between equal and parallel lines; Act of Correction before Emile E. Martin, III, Notary Public, dated January 24, 1967, registered in COB 323, Folio 819.

Being the same property acquired by Riverside Citrus Farms, Inc. from Carol J. Becnel by act before C. Ellis Henican, Notary Public, dated August 21, 1968, registered in COB 328, Folio 29: and Act of Correction before Charles A. Arceneaux, Notary Public, dated October 11, 1968, registered in COB 340, Folio 255.

## Prayer for Relief

**WHEREFORE**, the United States of America prays for judgment *in rem* in its favor for $641,746.19 in unpaid principal, plus accrued interest in the amount of $191,635.04 (as of July 31, 2017), with interest accruing thereafter at the rate of $74.8437 per day at the legal rate as provided by law, and post-judgment interest.

The United States further prays that its mortgage lien be recognized and maintained upon the mortgaged property described *supra* ¶ 9 of this Complaint, and that the property be sold according to law to the highest bidder, subject to any unpaid taxes and that out of the proceeds of said sale, that the United States be paid by preference and priority over all persons the amount of its claim including any advances made by the United States up to the date of judgment on the account of defendants in accordance with the terms of the Mortgage, and that the amount realized from said sale be deemed payment in full, or otherwise, complete satisfaction of judgment to be rendered herein. The United States further prays that the judgment be decreed to act *in rem* against the mortgaged property, and not *in personam* against Riverside Citrus Farms, Inc. or Konrad H. Becnel as an individual.

The United States further prays for the appointment of the Farm Service Agency, an agency within the United States Department of Agriculture, as keeper and custodian without bond of all property seized in these proceedings, with said keeper/custodian to be fully responsible for the safekeeping, maintenance, and preservation of all seized property until such time as the property is sold according to law.

The United States further prays for all orders and decrees necessary in the premises, for all general and equitable relief, and for all costs of these proceedings.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*s/Peter M. Mansfield*
PETER M. MANSFIELD (#28671)
First Assistant United States Attorney
United States Attorney's Office
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3047
Facsimile: (504) 680-3184
Peter.Mansfield@usdoj.gov

United States to request waiver of service of summons on:

Riverside Citrus Farms Inc.
*Through its registered agent for service*
Konrad Becnel
14116 Highway 23
Belle Chasse, LA 70037

and

Konrad Becnel
14116 Highway 23
Belle Chasse, LA 70037

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| | |
|---|---|
| 1. Name  RIVERSIDE CITRUS FARMS INCORPORATED | |
| 2. State  LOUISIANA | 3. County  PLAQUEMINES |
| 4. Case Number  22-038-0720652617 | 5. Date  AUGUST 15, 2006 |
| 6. Fund Code  44 | 7. Loan Number  09 |

**8. KIND OF LOAN**

Type: OL     [X] Regular
             [ ] Limited Resource

Pursuant to:
[X] Consolidated Farm & Rural Development Act
[ ] Emergency Agricultural Credit Adjustment Act of 1978

**9. ACTION REQUIRING NOTE**

[X] Initial loan          [ ] Rescheduling
[ ] Subsequent loan       [ ] Reamortization
[ ] Consolidated &        [ ] Credit sale
    subsequent loan
[ ] Consolidation
[ ] Conservation easement [ ] Deferred payments
                          [ ] Debt write down

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in ADDIS, LOUISIANA

_____, or at such other place as the Government may later designate in writing, the principal sum of TWO HUNDRED THOUSAND AND NO/100-------------------------------------------------------------------- dollars

($ 200,000.00 _____), plus interest on the unpaid principal balance at the **RATE** of FIVE AND THREE EIGHTHS-------------------------------------------------------- percent ( 5.3750 %) per annum and N/A _____ dollars ($ N/A )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ___08___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | |
|---|---|---|---|
| $ 11,750.00 on FEBRUARY 1,2008 | ; | $ 39,678.00 on | FEBRUARY 1, 2009 ; |
| $ 39,678.00 on FEBRUARY 1. 2010 | ; | $ 39,678.00 on | FEBRUARY 1, 2011 ; |
| $ 39,678.00 on FEBRUARY 1, 2012 | ; | $ 39,678.00 on | FEBRUARY 1, 2013 ; |
| $ 39,678.00 on FEBRUARY 1, 2014 | ; | $ N/A on | |
| $ N/A on | ; | $ N/A on | |
| $ N/A on | ; | $ N/A on | |

and $ 39,678.00 thereafter on FEBRUARY 1 of each YEAR until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable 07 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

FSA-1940-17 (10-26-99)                                                                                          Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

REFINANCING (GRADUATION) AGREEMENT: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                      Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

*Konrad H. Becnel*
KONRAD H BECNEL

*Riverside Citrus Farm Inc.*
*By: Konrad Becnel Pres Sec,*
RIVERSIDE CITRUS FARMS INC.                          (Borrower)

14116 HIGHWAY 23

BELLE CHASSE, LA 70037

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $200,000.00 | 08.17.2006* | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | *EFT | | **TOTAL** | $ 200,000.00 | |

**Dorothy M Lundin**
**Clerk of Court**
PO Box 40
Belle Chasse, LA 70037
(504) 297-5180

**Received From :**
 BRANDT J. DUFRENE, JR.
 POST OFFICE BOX 512
 BOUTTE, LA 70039

**First MORTGAGOR**

RIVERSIDE CITRUS FARMS INC

**First MORTGAGEE**

UNITED STATES OF AMERICA

**Index Type :**   Mortgage

**Type of Document :** Mortgage

**Recording Pages :**          7

**File # :** 2006-00005479

**Book :**   458       **Page :** 636

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Plaquemines Parish, Louisiana

On (Recorded Date) : 09/15/2006

At (Recorded Time) : 3:21:08PM

Doc ID - 001754980007

CLERK OF COURT
DOROTHY M LUNDIN
Parish of Plaquemines
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 09/15/2006 at 3:21:08
Recorded in Book 458 Page 636
File Number 2006-00005479

Deputy Clerk

FSA-1927-1 LA
(09-21-05)

Position 5
UNITED STATES DEPARTMENT OF AGRICULTURE
Farm Service Agency

## MORTGAGE FOR LOUISIANA

THIS MORTGAGE ("instrument") is made on _____ , 20 __06__ . The mortgagor is  RIVERSIDE CITRUS FARMS
INC.& KONRAD H BECNEL

("Borrower") whose mailing address is  14116 HWY 23  BELLE CHASSE, LA  70037
_____ . This instrument is given to the United States of America acting
through the Farm Service Agency, United States Department of Agriculture ("Government") located at  7747 LA HWY 1 SOUTH
ADDIS, LA  70710

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"),
which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the
entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| AUGUST 15, 2006 | 200,000.00 | 5.3750 | AUGUST 15, 2013 |
| AUGUST 15, 2006 | 457,060.00 | 3.7500 | AUGUST 15, 2026 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as
provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government:  (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any
amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with
interest, made by the Government; and  (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan
agreements.

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et seq. as
evidenced by the note, Borrower irrevocably mortgages, grants, conveys and assigns to Government the following described property situated in the
State of Louisiana County or Counties of  PLAQUEMINES PARISH                                                                   :

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments,
appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water
rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of
any part thereof or interest therein (collectively called "the property").  This instrument constitutes a security agreement and financing statement
under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not
limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property
and that the property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend the title to the property against all
claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a
uniform mortgage covering real property.

Initial _KHB_ date _9/8/06_

FSA-1927-1 LA (09-21-05) *Page 1 of 4*

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise all payments received by the Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.
4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.
7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.
8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees, trustees' fees; court costs, and expenses of advertising, selling, and conveying the property.
9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.
10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.
11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.
12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.
13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.
14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower

Initial _KAB_ date _9/8/06_

learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials.  As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

**15. Adjustment; release; waiver; forbearance.**  In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument.  Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing.  HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**16. Graduation.**  If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

**17. Forfeiture.**  Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest.  Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

**18. False statement.**  Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

**19. Cross Collateralization.**  Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower.  Default under any other such security instrument shall constitute default under this instrument.

**20. Highly erodible land; wetlands.**  Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

**21. Non-discrimination.**  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

**22. Notices.**  Notices given under this instrument shall be sent by certified mail unless otherwise required by law.  Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

**23. Governing law; severability.**  This instrument shall be governed by Federal law.  If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application.  The provisions of this instrument are severable.  This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof.  All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

**24. Successors and assigns; joint and several covenants.**  The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower.  Borrower's covenants and agreements shall be joint and several.  Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

**25. No merger.**  If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease.  If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing.  If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

**26. Time is of the essence.**  Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

Initial _K.N.B._ date _9/8/06_

FSA-1927-1 LA (09-21-05) *Page 3 of 4*

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27.  **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law; and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28.  **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower.  Borrower expressly waives the benefit of any such State laws.

29.  **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument.  Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds.  Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses.  Any remaining amounts shall be applied to reduce the debt evidenced by the note(s).  Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default.  Upon such notice, Borrower will endorse and deliver to the Government any payments of rents.  If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30.  **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of:  (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_Riverside Citrus Farm. Br._
RIVERSIDE CITRUS FARMS, INC.
Borrower

_Konrad N. Becnel Pres. Sec._
KONRAD H BECNEL
Co-Borrower

WITNESSES:

Initial _KNB_. date _9/8/06_

_Brandt J. Dufrene, Jr._
**Notary Public**
My Commission Expires at Death
Bar #20020

FSA-1927-1 (09-21-05) *Page 4 of 4*

## EXHIBIT A

### APPEARANCE

**RIVERSIDE CITRUS FARMS, INC. (72-0652617),** a corporation organized and doing business in the State of Louisiana, Parish of Plaquemines Parish, being represented herein by its President, Konrad Becnel, by virtue of a Resolution of the Board of Directors of said corporation, the original of which is attached hereto and made a part hereof: whose mailing address is declared to be: 14116 Hwy 23, Belle Chasse, LA.

### LEGAL DESCRIPTION

A CERTAIN LOT OR PARCEL OF LAND, situated, lying and being in the Parish of Plaquemines, State of Louisiana, in Section 4, Township 16 South, Range 24 East, West of the Mississippi River at about twenty-nine (29) miles below the City of New Orleans and in accordance with a survey of Hugh B. McCurdy, C.E., dated December 13, 1961, entitled ""Map of Survey, Property of Arthur Becnel, Sr. and Sons, Part of Star Plantation," a copy of which is annexed to an act of Sale by Arthur Becnel, Sr. to Benjamin Xavier Becnel, executed before Emile E. Martin, III, Notary Public, on November 9, 1965 and registered in COB 293, folio 241, said property is described as follows:  Said tract of land fronts on the center line of Louisiana State Highway No. 23 and extends in depth to the 40 Arpent Line with a width of 183.17 feet between equal and parallel lines.  Being bounded above by property now or formerly belonging to Saxon R. Becnel, and below by property now or formerly belonging to Adam Parker.

AND

A CERTAIN TRACT OF PORTION OF LAND, being part of what was formerly known as The Star Plantation, situated on the West bank of the Mississippi River in the Parish of Plaquemines, State of Louisiana, about 29 miles below the City of New Orleans, and measuring 128 feet front, more or less, on said Mississippi River, by 40 arpents in depth, between equal and parallel lines, which property is bounded by land formerly belonging to Arthur Becnel, Sr., now Carol J. Becnel, and below by lands allocated, conveyed and transferred in the Act of Partition by Emile E. Martin, III, Notary Public, dated November 16, 1960, registered in COB 234, Folio 254, to

2.   Servitude in favor of Louisiana Gas Service Company, five (5') feet in width, dated June 26, 1962, and registered in COB 259, folio 32.

3.   Servitude in favor of Plaquemines Parish Government for Drainage Canal and Hurricane Protection Levee.

4.   Oil, gas and mineral lease recorded at COB 441, folio 568.

5.   Any outstanding mineral conveyances, mineral reservations, mineral releases, mineral servitudes and any existing easements, servitudes, rights of ways, and leases of any nature or kind whatsoever, of recorded and in existence.

6.   Encroachments, boundary disputes, overlaps, rights of parties in possession, servitudes and other adverse matters, if any, as would be disclosed on a current, accurate survey and inspection of the subject property.

Covenants, conditions or restrictions, if any, based upon race, color, religion, sex, handicap, familial status, or national origin are deleted unless and only to the extent that such covenants, conditions or restrictions (a) are exempt under Chapter 42, Section 3607 of the United States Code or (b) relate to handicap but do not discriminate against handicapped persons.

The parties hereto declare that they do not hereby intend, by the execution of these presents, to interrupt, or suspend, the running of any prescription or preemption which has run or may run in connection with the foregoing, nor do the parties intend to revive, establish or initiate any one or more of the foregoing which may not now or hereafter be binding upon the property and/or the parties hereto.

## STATEMENT  OF  ACCOUNT

**BORROWER: Riverside Citrus Farms and Konrad Becnel as Individual**

**CASE NO.:**   22-072-0652617

**DATE:**        July 31, 2017

| LOAN CODE | UNPAID PRINCIPAL | UNPAID INTEREST | TOTAL | DAILY ACCRUAL | STATUS | DATE OF LAST PAY |
|---|---|---|---|---|---|---|
| 43-08 | $ 435,669.82 | $ 72,198.85 | $507,868.67 | $ 44.7606 | | 02-28-2013 |
| 44-09 | $ 200,000.00 | $117,749.31 | $317,749.31 | $ 29.4521 | | None |
| 43-96 | $      325.00 | $      26.17 | $      351.17 | $    .0401 | | None |
| 43-97 | $    3,000.00 | $     832.19 | $    3,832.19 | $   .3082 | | None |
| 43-98 | $    2,751.37 | $     828.52 | $    3,579.89 | $   .2827 | | None |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **TOTAL** | **$641,746.19** | **$191,635.04** | **$833,381.23** | **$74.8437** | ************** | |

## STATEMENT  OF  ACCOUNT

**BORROWER: Riverside Citrus Farms and Konrad Becnel as Individual**

**CASE NO.:**   22-072-0652617

**DATE:**        February 27, 2018

| LOAN CODE | UNPAID PRINCIPAL | UNPAID INTEREST | TOTAL | DAILY ACCRUAL | STATUS | DATE OF LAST PAY |
|---|---|---|---|---|---|---|
| 43-08 | $ 435,669.82 | $ 81,643.34 | $517,313.16 | $ 44.7606 | | 02-28-2013 |
| 44-09 | $ 200,000.00 | $123,168.49 | $323,963.70 | $ 29.4521 | | None |
| | | | | | | |
| 43-96 | $        325.00 | $        34.62 | $      359.62 | $   .0401 | | None |
| 43-97 | $     3,000.00 | $      897.23 | $   3,897.23 | $   .3082 | | None |
| 43-98 | $     2,751.37 | $      888.16 | $   3,639.53 | $   .2827 | | None |
| | | | | | | |
| **TOTAL** | **$641,746.19** | **$206,631.84** | **$849,173.24** | **$74.8437** | ************** | |

EXHIBIT D

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA Peter M. Mansfield (LA Bar # 28671), U.S. Attorney's Office
650 Poydras Street, Suite 1600, New Orleans, LA  70130
Tel: (504) 680-3000

## DEFENDANTS

RIVERSIDE CITRUS FARMS and KONRAD BECNEL

County of Residence of First Listed Defendant    Plaquemines
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
     Plaintiff

☐ 2  U.S. Government
     Defendant

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
     Proceeding

☐ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     Another District
     *(specify)*

☐ 6  Multidistrict
     Litigation -
     Transfer

☐ 8  Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 3001, et seq.

Brief description of cause:
Recovery of defaulted Farm Service Agency loan

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
03/22/2018

SIGNATURE OF ATTORNEY OF RECORD
s/ Peter M. Mansfield

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.